**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVELYN E. ORTIZ, <br><br>         Plaintiff, <br>     v. <br><br>CAROLYN W. COLVIN, <br>Acting Commissioner of the <br>Social Security Administration, <br><br>         Defendant. | No. ED CV 14-61-AS <br><br>**MEMORANDUM AND OPINION** |

**PROCEEDINGS**

Plaintiff Evelyn E. Ortiz ("Plaintiff") asserts disability since February 1, 1998, based on alleged physical impairments. (A.R. 154—161.) The Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert on September 11, 2012. (A.R. 28.) The ALJ denied Plaintiff benefits in a written decision. (A.R. 15—22.) The Appeals Council denied review of the ALJ's decision. (A.R. 1—3.)

On January 22, 2014, Plaintiff filed a Complaint, pursuant to 42 U.S.C. § 405(g) and 1383(c), alleging that the Social Security Administration erred in denying her disability benefits. (Docket Entry No. 3.) On May 27, 2014, Defendant filed an Answer to the Complaint, and the Certified Administrative Record ("A.R."). (Docket Entry Nos. 11, 12.) The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 9, 10.) On August 6, 2014, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim. (Docket Entry No. 14.)

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

"Social Security disability benefits claimants have the burden of proving disability." Bellamy v. Sec'y Health & Human Serv., 755 F.3d 1380, 1380 (9th Cir. 1985). A claimant is disabled if she has the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant is disabled, ALJs follow a five-step process set forth in 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proving steps one through four." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

At step one, the ALJ must determine whether or not the claimant is actually engaged in any "substantial gainful activity," as defined

by 20 C.F.R. § 404.1572. If claimant is not so engaged, the evaluation continues to step two. See 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the ALJ determines whether the claimed physical or mental impairments are severe. 20 C.F.R. § 404.1520(a)(4)(ii). When determining severity, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing 42 U.S.C § 423(d)(2)(B)). Impairments are considered severe unless the evidence "establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" Id. at 1290 (quoting Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)). "[I]f the ALJ concludes that the claimant does have a medically severe impairment, the ALJ proceeds to the next step in the sequence." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005); see 20 C.F.R. § 404.1520(a)(4)(ii).

At step three, the ALJ considers whether the claimant's severe impairments are disabling. 20 C.F.R. § 404.1520(a)(4)(iii). The claimant is considered disabled if her purported conditions meet or are medically equivalent to a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "[An] impairment is medically equivalent to a listed impairment in appendix 1 if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. 404.1526. "Medical equivalence must be based on medical findings[]" rather than "[a] generalized assertion" or opinion testimony

regarding "functional problems." Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing 20 C.F.R. § 404.1526).

If the ALJ concludes that claimant is not disabled at step three, the ALJ moves to step four and considers whether the claimant can return to her past relevant work. Burch, 400 F.3d at 679; See 20 C.F.R. § 404.1520(a)(4)(iv). In order to do so, the ALJ determines claimant's Residual Functional Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv). A claimant's RFC is "what [claimant] can still do despite [claimant's] limitations," and is "based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. 416.945(a)(1). If the claimant's RFC dictates that she can return to her past relevant work, she is not considered disabled. Burch, 400 F.3d at 679.

If the claimant proves in step four that she cannot return to her past relevant work, the ALJ proceeds to step five. 20 C.F.R. § 404.1520(a)(4)(v). At step five "the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work." Embrey v. Bowden, 849 F.2d 418, 422 (9th Cir. 1988). At this point, ALJs "can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her [RFC], would be able to do; and (2) the availability of such jobs in the national economy." Tackett, 180 F.3d at 1101. If claimant does not have the RFC to work in any available jobs, she is considered disabled. 20 C.F.R. § 404.1520(a)(4)(v).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

In applying for disability insurance benefits, Plaintiff alleged the following disabling severe impairments: carpal tunnel, knee pain, back nerve problem, irritable bowel syndrome, constant pain, and a rotator cuff problem. (A.R. 155.) Additionally, at the hearing before the ALJ on September 11, 2012, Plaintiff testified that she had outpatient surgery on her knee, and still has pain in her back, shoulder, and wrists. (A.R. 33—34.) Plaintiff also claimed that she suffers anxiety attacks and takes Xanax to relieve her symptoms. (A.R. 38—40.) Moreover, she testified to a growth on her left lung and "large masses" under her breasts (A.R. 37—38.)

The ALJ applied the five-step evaluation process to determine whether Plaintiff was disabled. (A.R. 17—21.) At step one, the ALJ determined that Plaintiff was not engaged in any "substantially gainful activity." (A.R. 17.)

At step two, the ALJ found that Plaintiff suffers from the following severe impairments: osteoarthritis of the right knee and back pain. (Id.) The ALJ found that Plaintiff's anxiety was not severe, and did not significantly limit her ability to perform basic work activities. (A.R. 17—18.) Moreover, the growth on her left lung and masses under her breast were not documented in the medical file. (A.R. 19.)

At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal a medical listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 18.)

Next, before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] can lift and/or carry 20 pounds occasionally and 10- pounds frequently; she can stand and/or walk for two hours out of an eight-hour workday in thirty-minute intervals with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; she is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; she is precluded from balancing, crawling, or climbing ladders; she may occasionally stoop, bend, and climb ramps and stairs; and, she is precluded from kneeling on the right knee.

(A.R. 18.)

At step five, the ALJ summarized the VE's testimony, stating that the VE had found that Plaintiff could perform the following jobs identified in the Dictionary of Occupational Titles ("DOT"): (1) small products assembler II (DOT 739.687-030), (2) cashier II (DOT 211.462-010), and (3) bench assembler (DOT 706.684-042). (A.R. 21–22.) The ALJ then relied on the VE's testimony, along with Plaintiff's age, education, work experience, and RFC, to conclude that the "claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national

Case 5:14-cv-00061-AS Document 16 Filed 12/15/14 Page 7 of 11 Page ID #:449

economy." (See id.)  Accordingly, the ALJ found that Plaintiff was "not disabled." (Id.)

**STANDARD OF REVIEW**

This court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) The Administration used proper legal standards. Smolen, 80 F.3d at 1279. "Substantial evidence is more than a scintilla, but less than a preponderance." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). To determine whether substantial evidence supports a finding, "a court must consider [] the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). As a result, "[i]f evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a] court may not substitute its judgment for that of the ALJ." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that there is a DOT inconsistency in the ALJ's holding that the Plaintiff can perform jobs such as small products assembler II, cashier II, and bench assembler. (Joint Stip. 3.) Specifically, Plaintiff alleges that while the ALJ determined in Plaintiff's RFC that she could stand or walk for only two hours out of an eight-hour day, the DOT indicates that all three of these jobs

require Plaintiff to stand or walk for a total of six hours in an eight-hour workday. (Id.)

## DISCUSSION

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from material[1] legal error.

An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, why it conflicts. Massachi v. Astrue, 486 F.3d 1149, 1152—53 (9th Cir. 2007). Here, the ALJ determined that Plaintiff had the RFC to perform "light work" but with various exertional limitations, including limiting Plaintiff to standing and/or walking for two hours out of an eight-hour workday. (A.R. 18.) During the hearing, the ALJ presented a hypothetical to the VE that included all of Plaintiff's physical limitations, including her ability to stand and/or walk for no more than two hours out of an eight hour work day. (A.R. 40.) The VE testified that a person with Plaintiff's limitations could perform the jobs of small products assembler II, cashier II, and bench assembler. (A.R. 50—51.) The VE also eroded the number of jobs

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (stating that an ALJ's decision will not be reversed for errors that are harmless).

available regionally and in the national economy to reflect Plaintiff's limitations. (A.R. 40—41.)[2]

Plaintiff premises her argument on Social Security Ruling ("SSR") 83-10, which specifies that "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the *full range* of light work requires standing and walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (emphasis added); 20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff's interpretation of SSR 83-10 is incorrect. SSR 83-10 does not require six hours of standing and/or walking for *all* jobs classified as light work, it merely describes the activities that would be required of a person that is able to perform the *full range* of light work. Moreover, the ALJ in this case found that Plaintiff's limitations, including the standing and walking limitations, did not allow her to perform the full range of light work. (A.R. 21; see also Boster v. Comm'r, Soc. Sec. Admin., No. CV 07-30-E-LMB, 2008 WL 754275, at *4 (D. Idaho Mar. 19, 2008) ("[T]here will be instances where a claimant's residual functional capacity will not fit precisely within one of the exertional categories of work.") (citation omitted).)

"The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is

---

[2] The VE eroded the number of small products assembler II jobs by 80%, leaving 1,800 positions regionally and 16,000 nationally; the number of Cashier II jobs by 50%, leaving 2,250 regionally and 50,000 nationally; and the number of bench assembler jobs by 80%, leaving 500 positions regionally and 7,000 nationally. (A.R. 40-41.)

9

performed in specific settings.  A [vocational expert] . . . may be able to provide more specific information about jobs or occupations than the DOT."  SSR 00-4P, 2000 WL 1898704, at *3.  The VE did not base her testimony on a hypothetical individual that was capable of performing the full range of light work.  On the contrary, the expert considered the limitations on light work, included in the hypothetical question posed by the ALJ, and reduced the number of jobs available to an individual with those limitations.  (A.R. 40–41.)  Moreover, the ALJ asked the VE whether the jobs were consistent with the DOT, and the VE answered in the affirmative.  (A.R. 41.)[3] Thus, the ALJ properly relied on the VE's testimony because the hypothetical presented to the VE considered all of the claimant's limitations that were supported by the record.  See Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (considering VE testimony reliable if the hypothetical posed includes all of claimant's functional limitations); Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony.").

/ /

/ /

/ /

---

[3] Although the VE did not explicitly state that the erosion identified was due to Plaintiff's standing and walking limitations, such a conclusion can be reasonably implied from the context of the expert's testimony.  See Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) ("[e]vidence sufficient to permit ... a deviation [between the vocational expert's testimony and the DOT] may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony").

**CONCLUSION**

There is no inconsistency between the ALJ's RFC assessment and the finding that Plaintiff can perform the jobs identified by the VE. Accordingly, the ALJ's decision was supported by substantial evidence in the record.

**ORDER**

For all of the foregoing reasons, this Court affirms the decision of the Administrative Law Judge.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 15, 2014.

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE